## Noto v. City of Scranton et al.

*Ralph G. Mastriani*, for plaintiff.

*Jerome J. Myers* and *Daniel H. Jenkins*, for defendants.

EAGEN, J., July 15, 1942.—This is a motion to quash a writ of alternative mandamus. Petitioner was appointed to the position of patrolman in the police department of the City of Scranton on May 5, 1905, and served continuously in that position until March 1,

1939, when he was retired involuntarily under authority of section 5, File of Council no. 3, year 1936, which reads as follows:

"Every policeman or detective who shall have served continuously for a period of twenty-five years in the Bureau of Police may be allowed to retire if he so desires, provided he shall have reached the age of fifty-five years, but said member shall not be involuntarily retired unless for his inability to continue the work. Provided that after thirty years of continuous service, he is fifty-five years of age, it shall be optional with the administration to retire said police officer."

On the day of his retirement plaintiff was 55 years and four months old and had served in the police department continuously for over 33 years. The petition alleges that he was in excellent physical condition at the time of his retirement; was fully able to perform his duties; and that the only reason for the separation from his position was the refusal to change his political party registration at the instance of the then mayor of the city. Petitioner contends his dismissal was an abuse of discretion and also that this ordinance violates the civil service statutes of the Commonwealth.

These facts in themselves undoubtedly state a cause of action and would warrant the dismissal of the motion to quash. However, plaintiff has estopped his right to assert them. When plaintiff was notified of his retirement, he did not challenge it, but merely wrote a letter to the director of the department of public safety saying he would refuse to go on pension until he received 15 days' vacation. He then accepted his pension and received it without objection, and without any effort on his part to regain his position from March 1, 1939, until April 22, 1942, when the petition in this case was filed. We, therefore, believe that plaintiff accepted his retirement and has lost his right now to challenge it. In 31 C. J. S. 347, §109, it is said:

"Where one having the right to accept or reject a transaction takes and retains benefits thereunder, he

ratifies the transaction, is bound by it, and cannot avoid its obligation or effect by taking a position inconsistent therewith."

In Rhodus et al. v. Geatley, etc., 347 Mo. 397, 147 S. W. (2d) 631, it is said (p. 406):

" 'Estoppel is frequently based upon the acceptance and retention by one having . . . benefits from a . . . regulation, or statute which he might have rejected or contested.' "

That petitioner had full knowledge of all the facts more than three years ago is not now disputed. Mandamus is by its very nature an equitable action and he who seeks this extraordinary writ must not sleep upon his rights.

Now, in view of the foregoing, July 15, 1942, the rule heretofore granted to show cause why the writ of alternative mandamus should not be quashed is made absolute.